UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

THOMAS NIMELY,

        *Plaintiff,*

-against-

RXR 620 OWNER II LLC and BED BATH &
BEYOND INC.,

        *Defendants.*

----

Case No. 13 Civ. 2069 (KBF)

**ANSWER**

    Defendant Bed Bath & Beyond Inc. ("Defendant"), by their attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for their Answer to the Complaint filed March 28, 2013 ("Complaint") by Plaintiff Thomas Nimely ("Plaintiff"), alleges as follows:

### NATURE OF THE CLAIMS

    1.    Defendant admits that Plaintiff brings this action to remedy purported disability discrimination, but otherwise denies the allegations contained in Paragraph 1 of the Complaint.

    2.    Defendant denies the allegations contained in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

    3.    The allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no response is required.

    4.    The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no response is required.

## PARTIES

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation relating to Plaintiff's residence contained in Paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, except admit that Defendant does business in New York State.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint that Defendant operates and/or leases property located at 620 Sixth Avenue.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no response is required.

12. The allegations contained in Paragraph 12 of the Complaint are legal conclusions to which no response is required.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 13 of the Complaint that plaintiff is "a person with a disability" and otherwise denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. The allegations contained in Paragraph 20 of the Complaint are legal conclusions to which no response is required.

21. The allegations contained in Paragraph 21 of the Complaint are legal conclusions to which no response is required.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. The allegations contained in Paragraph 23 of the Complaint are legal conclusions to which no response is required.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint, including Subparagraphs I through XLIX thereof.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     The allegations contained in Paragraph 28 of the Complaint are legal conclusions to which no response is required.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

### FIRST CAUSE OF ACTION
### (CONSPIRACY TO DEPRIVE PLAINTIFF OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1985)

32.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. The allegations contained in Paragraph 46 of the Complaint are legal conclusions to which no response is required.

47. The allegations contained in Paragraph 47 of the Complaint are legal conclusions to which no response is required.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. The allegations contained in Paragraph 58 of the Complaint are legal conclusions to which no response is required, except Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 58 of the Complaint that RXR 620 Owner II LLC "continuously controlled, managed and operated the public sidewalk abutting 620 Sixth Avenue ...."

59. The allegations contained in Paragraph 59 of the Complaint are legal conclusions to which no response is required, except Defendant denies engaging in any discrimination on the basis of disability.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

61. Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, except states that the allegations contained in Paragraph 62 of the Complaint that Plaintiff "suffers from a disability within the meaning of the Executive Law ..." is a conclusion of law to which no response is required.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the premise of the allegation contained in Paragraph 67 of the Complaint, which requires a legal conclusion to which no response is required.

68. The allegations contained in Paragraph 68 of the Complaint are legal conclusions to which no response is required, and Defendant otherwise denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

71.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint, except states that the allegations contained in Paragraph 72 of the Complaint that Plaintiff "has a disability within the meaning of the Administrative Code …" is a conclusion of law to which no response is required.

73.     The allegations contained in Paragraph 73 of the Complaint are legal conclusions to which no response is required.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     The allegations contained in Paragraph 78 of the Complaint are legal conclusions to which no response is required, except Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 78 of the Complaint that RXR 620 Owner II LLC "continuously controlled, managed and operated the public sidewalk abutting 620 Sixth Avenue …."

79.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

## FIFTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

87. Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 86 of the Complaint as if fully set forth herein.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

## SIXTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

91. Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 90 of the Complaint as if fully set forth herein.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. The allegations contained in Paragraph 93 of the Complaint are legal conclusions to which no response is required.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint.

## INJUNCTIVE RELIEF

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

## DECLARATORY RELIEF

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

## ATTORNEYS' FEES, EXPENSES AND COSTS

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint, except admit that Plaintiff has retained counsel.

## PRAYER FOR RELIEF

103. Defendant denies that Plaintiff is entitled to any of the forms of relief requested in the WHEREFORE Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by the failure to state a cause of action upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to give Defendant notice of the need, or the opportunity, to provide Plaintiff with access or equivalent service.

3. Plaintiff's claims are barred, in whole or in part, because the removal of one or more alleged architectural barriers (or providing goods, services, facilities and/or privileges through alternative methods) is not readily achievable.

4. Plaintiff's claims are barred, in whole or in part, because Defendant made available to Plaintiff, as well as other similarly situated individuals, equivalent, full and/or equal access to facilities, goods, and services.

5. Plaintiff's claims are barred, in whole or in part, because the alleged violations constitute *de minimis* or technical deviations from state, federal, and local laws, codes, and regulations.

6. Plaintiff's claims are barred, in whole or in part, because the relief sought by Plaintiff would require a fundamental alteration of Defendant's facilities, goods, and/or services, or would otherwise constitute an undue hardship for Defendant or be technically impracticable.

7. Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was done for lawful, legitimate, and non-discriminatory business reasons, and does not constitute intentional acts of discrimination.

8. Plaintiff's claims are barred, in whole or in part, because the facility at issue was constructed or modified in compliance with all laws, regulations, and code requirements that were then in effect, or the disability access laws or regulations upon which Plaintiff rely were adopted or amended after such construction or modification.

9. Plaintiff's claims are barred, in whole or in part, to the extent that Defendant reasonably relied upon approvals, permits, or representations of state or local authorities.

10. Plaintiff's claims are barred, in whole or in part, because any damages or injury sustained by Plaintiff as a result of negligence, statutory violation, or otherwise, was proximately and legally caused by the acts or omissions of persons or parties other than the Defendant. Accordingly, Plaintiff has failed to join one or more indispensable parties.

11. Plaintiff's claims are barred, in whole or in part, because Defendant did not have any actual or constructive notice of any negligence.

12. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's assumption of the risk of negligence.

13. Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages or injuries, or has otherwise failed to mitigate his damages, if any.

14. Plaintiff's claims are barred, in whole or in part, because Defendant at all times acted in good faith and reasonably believed that its conduct did not violate the law. If and to the extent Defendant violated the law, it was not willful or reckless.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing, including but not limited to standing to seek relief regarding alleged barriers that are unrelated to and do not impact Plaintiff's alleged disability.

16. Plaintiff's claims for equitable relief are barred because there exists an adequate remedy at law.

17. Plaintiff's claims are barred, in whole or in part, as moot because any alleged architectural barriers have been or are being remediated or removed.

18. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, and/or unclean hands.

**WHEREFORE**, Defendant respectfully requests that this Court order the following relief:

a) Enter judgment in favor of Defendant's dismissing the Complaint with prejudice in its entirety; and

b) Awarding such other relief as this Court may deem just and proper, including the costs and disbursements of this action, attorneys' fees and interest.

Dated: New York, New York
June 25, 2013

Respectfully submitted,

**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

_____
Andrew W. Singer
Jason B. Klimpl

900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (212) 371-1084
Email: singer@thsh.com
klimpl@thsh.com
*Attorneys for Defendant,*
*Bed Bath & Beyond Inc.*

To: Glen H. Parker, Esq.
Adam S. Hanski, Esq.
Parker Hanski LLC
40 Worth Street, 10th Floor
New York, New York 10013
Phone: (212) 248-7400
Fax: (212) 248-5600
Email: ash@parkerhanski.com
ghp@parkerhanski.com
*Attorney for Plaintiff,*
*Thomas Nimely*